## Nomination of Lamb

*James E. McErlane*, for petitioner.

SUGERMAN, *J.*, August 21, 1975—William H. Lamb ("petitioner") has filed a document styled "Petition to Cumulate Votes" under section 1406 of the Election Code,[1] and after hearing, the court, in the narrative, makes the following

## FINDINGS OF FACT

Petitioner, the incumbent District Attorney of Chester County, presented himself for reelection to that office and became one of two candidates on the Republican ballot for nomination at a primary election held on May 20, 1975. Petitioner, who was identified on the Republican ballot as "William H. Lamb, East Whiteland Township," prevailed at the Republican primary election, and became the nominee of the Republican Party for the office of district attorney.

No candidate for that office, however, appeared on the Democratic primary ballot, and accordingly, during the appropriate period preceding the primary election, petitioner and one A. Thomas Parke,

---

1. June 3, 1937, P.L. 1333, art. XIV, 25 PS §3156.

III, waged a "write-in" and "sticker" campaign, in an effort to become the nominee of the Democratic Party as well.

The results of the Democratic primary election, as contained in the returns of the County Board of Elections of Chester County, reveal the following:

| Name as written in | Number of Votes Cast For Such Name |
|---|---|
| William H. Lamb | 40 |
| Lamb | 40 |
| Wm. H. Lamb | 29 |
| William Lamb | 90 |
| Lame | 1 |
| Wm. Lamb | 29 |
| W. H. Lamb | 4 |
| Bill Lamb | 7 |
| W. H. Lamp | 1 |
| W. Lamb | 5 |
| Herb Lamb | 1 |
| Bill Lambe | 1 |
| John Lamb | 1 |

Petitioner, during his nearly four years in office, was and is widely known in Chester County as its chief law enforcement officer. Additionally, petitioner conducted an aggressive campaign as a candidate for nomination during the period preceding the primary election, which campaign included voluminous media advertising and personal appearances bringing petitioner in contact with more than 10,000 residents of the County. Petitioner was the only candidate bearing the surname "Lamb." Finally, in addition to his wife, only two other persons bearing the same surname, Christine K. Lamb and Terrance J. Lamb, are registered voters in East Whiteland Township.

Petitioner now asks that the votes cast for the names noted above be cumulated and added to the votes cast for "William H. Lamb" in the Democratic

primary election, that petitioner be declared and certified as the nominee of the Democratic Party for the office of district attorney, and that petitioner's name, as such, be printed on the ballot to be used in the general election to be held in November, 1975.

Although service of a copy of the petition was made upon the said A. Thomas Parke, III, Esq., the only other candidate in the Democratic primary, Mr. Parke, did not appear either personally or by counsel and no appearance was entered on his behalf. Accordingly, the petition was unopposed.

## DISCUSSION

At the outset and on the basis of the evidence before it, the court has little hesitation in finding that the persons who voted in the Democratic primary election for "Lamb", "Wm. H. Lamb", "William Lamb", "Wm. Lamb", "W. H. Lamb", "Bill Lamb", "W. H. Lamp", "W. Lamb" and "Bill Lambe," intended to vote for petitioner and without more, the court would, of course, direct that such latter votes be cumulated and added to the votes cast for "William H. Lamb" in the Democratic primary and declare him to be the nominee of the Democratic Party.

Before we may do so, however, it is necessary that we determine whether the court has the authority to reach such result under the provisions of section 1406 of the Election Code, invoked here by petitioner and providing, in pertinent part:

"[1406]. Petition to establish identity by candidate nominated under different names; cumulation prohibited.

"Any person who has been nominated at a primary election by more than one party for the same

office under different names may, at any time not later than five (5) days after the certification by the county board of the votes cast at a primary election, present a petition to the court of common pleas of the proper county, praying for an order declaring such petitioner by his true name to be the person who was thus nominated by more than one party under different names. If the court shall determine that the different names so appearing on the returns of the primary represent one and the same person, the court shall enter an order finding said fact and directing the county board to revise its return accordingly. Jurisdiction is hereby conferred upon the courts of common pleas to entertain such petitions and to make the orders provided herein ' . . ."

Our research reveals only one reported decision on the subject: In re Kramer's Nomination, at 94 Pitts. L. J. 241 (1945). One Kramer conducted a sticker campaign in both the Republican and Democratic primary elections for the office of Burgess of the Borough of Glenfield. He was nominated as the candidate in the Democratic primary, and contending that he was also nominated in the Republican primary, filed a petition in the Court of Common Pleas of Allegheny County to cumulate votes cast under various names in the Republican primary, invoking the provisions of section 1406 of the Election Code.

The Allegheny County court, in an opinion the essence of brevity, granted the relief sought by the petition, cumulated the votes cast under such names, added them to the total cast for Kramer and directed that Kramer be certified as the Republican nominee, holding as it did:

"We have authority to make this order under sec-

tion 1406 of the [Election Code] . . .": id, at page 242.

Nor was the case a matter of first impression to the court, as it said succinctly,

"This court has, on three occasions, made similar orders to the one we are now making . . ."

We can find no material distinction to be drawn between the factual framework in Kramer and that at bar, and none has been suggested. It follows, then, that although not binding upon this court, we should subscribe to and apply the rationale and principle of Kramer, unless some valid reason for contrary action appears. No such reason has been presented,[2] and we, therefore, enter the following

### ORDER

And now, August 21, 1975, the prayer of the captioned petition is hereby granted; it appearing to the court that the names "Lamb", "Wm. H. Lamb", "William Lamb", "Wm. Lamb", "W. H. Lamb", "Bill Lamb", "W. H. Lamp", "W. Lamb" and "Bill Lambe," as appear on the return made by the County Board of Elections of Chester County represent William H. Lamb, it is hereby ordered that the

---

2. We note again that although service of the petition now before the court was made upon A. Thomas Parke, III, Esq., the only other candidate for the office of district attorney in the Democratic primary election, no appearance was entered on behalf of Mr. Parke and the matter before us was not contested.

We believe it also appropriate to point out the distinction between a petition filed by Mr. Parke under the same section of the Election Code but dismissed by the court after hearing: Mr. Parke was not nominated by electors of the Republican Party and the plain language of section 1406 of the Election Code makes its provisions applicable to only such persons who are nominated by more than one party.

votes cast for such names in the Democratic primary election held on May 20, 1975, be cumulated and added to the total of the votes cast for "William H. Lamb"; it is further ordered that the County Board of Elections of Chester County certify that the said William H. Lamb, having received 247 votes, was nominated for the office of District Attorney of Chester County by the electors of the Democratic Party at the aforesaid primary election; and it is finally ordered that the name of William H. Lamb be placed upon the ballot to be used in the general election to be held on November 4, 1975, as the nominee of the Democratic Party for the office of District Attorney of Chester County in accordance with this order.